*989 OPINION.
Van Fossan:
We have for consideration here the single question of whether or not petitioner is entitled to classification as a personal service corporation under section 200 of the Revenue Act of 1918.
The Act specifies three essential elemeiits that must concur to constitute a corporation one of personal service — (1) the principal owners or stockholders shall be regularly engaged in the active conduct of the affairs of the corporation; (2) its income must be ascribed primarily to their activities, and (3) capital (invested or borrowed) must not be a material income-producing factor. The absence of any one of these elements is fatal to a claim for personal service classification. The statute also expressly excludes any corporation 50 per cent or more of whose gross income is derived from trading as a principal or from Government war contracts.
Petitioner calls attention to the fact that the statute does not define income as used in the general definition of personal service corporations, and insists that it means “ net income.” There is nothing in the Revenue Act to indicate that Congress intended to give the term such a restricted meaning. Words of a statute are to be taken in their ordinary, commonly accepted meaning in the absence of a clear intention to the contrary appearing in the statute. The Supreme Court has succinctly expressed the meaning of the term as used in the Sixteenth Amendment and the income tax acts:
Income may be defined as tbe gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets * * *. Eisner v. Macomber, 252 U. S. 189, 207.
We are of the opinion that the term, as used in section 200, means gross income as it is commonly understood.
In the case at bar we find that five of the seven stockholders of petitioner owning 86 per cent of the capital stock, devoted the entire business day to the active conduct of petitioner’s affairs. Every department or phase of the business was under the active supervision of one of these five stockholders. There were, it is true, a number of nonstockholder employees, but, with the exception of two, their duties were clerical and not of an income-producing nature. Two of the employees were salesmen, serving as assistants to one of the stockholders and under his direct supervision, but a very small portion of the income, if any, can be ascribed to their activities. There may be some question as to whether or not petitioner satisfies the statutory requirement as to these qualifications, but in view of our decision as to its use of capital, it is unnecessary to rule thereon.
It appears from the record that petitioner not only found it necessary to employ capital in the conduct of its business, but that such *990 capital produced more than 20 per cent of its income. Under such circumstances it can not be said that capital was not a material income-producing factor.
We conclude that in the business as conducted by petitioner, capital (invested or borrowed) was a material income-producing factor, and lacking one of the essential elements of a personal service corporation, petitioner must be denied classification as such. Appeal of C. N. Merritt & Brother, Inc., 1 B. T. A. 927; Appeal of Kossarr & Co., 4 B. T. A. 1164; Appeal of Seaboard Mills, Inc., 5 B. T. A. 575; Hubbard-Ragsdale Co. v. Dean, 15 Fed. (2d) 410; affd. 15 Fed. (2d) 1013.

Judgment will be entered for the respondent.

Considered by Maeqxjette, MxllikeN, and Phillips.